**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

| | |
|---|---|
| O2COOL, LLC,<br><br>                      Plaintiff,<br><br>     vs.<br><br>MerchSource, LLC, Discovery Communications, LLC a California corporation,<br><br>                      Defendants. | **Case No.: 12-C-3204**<br><br>**Judge Milton I. Shadur** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

**I.    INTRODUCTION**

This case involves a patent dispute between Plaintiff O2COOL, LLC ("O2COOL") and Defendants MerchSource, LLC ("MerchSource") and Discovery Communications, LLC ("Discovery Communications"), (collectively, the "Defendants"). In an earlier filed lawsuit against Windy City Novelties, Inc, Case No. 12-C-2109 (the "Windy City Action"), O2COOL alleged Defendants' portable misting fan infringed United States Letter Patent No. 5,338,495 (the "'495 Patent"). This Court dismissed O2COOL's claims against both Defendants for improper joinder. Concurrently, Defendants filed a complaint against O2COOL in Defendant MerchSource's home forum, the U.S. District Court for the Central District of California, seeking declaratory judgment of non-infringement and relief for harm and damages suffered as a result of Plaintiff's tortious interference with Defendants' contractual relationships and

1

prospective economic advantage. Plaintiff filed the instant case after the Defendants filed their complaint in the Central District of California and subsequent to being notified by Defendants counsel that their Complaint was filed.

Pursuant to Fed. R. Civ. P. 12(b)(3), Defendants move this Court to dismiss this case for improper venue, to allow this patent dispute to proceed in the more appropriate forum, the Central District of California. Alternatively, Defendants move this Court to transfer the case to the Central District of California, where it can be joined with Defendants' first-filed action.

## II.  FACTS

Defendant MerchSource is a Delaware limited liability company, which is located in Foothill Ranch, California. MerchSource provides a misting fan known as "Discovery Kids Battery Operated Misting Fan."

Defendant Discovery Communications is a Delaware limited liability company, with its principal place of business in Silver Springs, Maryland. Discovery Communications licenses certain trademarks, including "Discovery Kids," and does not manufacture, distribute, offer to sell, sell, use, import and/or export the "Discovery Kids Battery Operated Misting Fan." MerchSource is a licensee of Discovery Communications.

On March 22, 2012, Plaintiff filed an action in the Northern District of Illinois (Case No. 12-C-2109) against Windy City Novelties, Inc., for alleging infringement of O2COOL's spray fan water bottle patents, including the '495 Patent.

On April 17, 2012, Plaintiff amended its complaint in the Windy City Action and added MerchSource, Discovery Communications and MerchSource's customer, Buy Buy Baby, Inc. as additional defendants in the case based on their alleged infringement of the '495 Patent.

That same day, Plaintiff's counsel sent a cease and desist letter ("Cease and Desist Letter") to Defendants and Buy Buy Baby, in which Plaintiff alleged that Defendants' design of the portable misting fan infringes the '495 Patent, and threatened litigation against MerchSource and Discovery Communications. O2COOL demanded that MerchSource's customer, Buy Buy Baby Stores, cease buying MerchSource's product or face litigation to enjoin sale of the product and to be subject to damages from all resulting and prior sale activities. Enclosed with the Cease and Desist Letter was a copy of the unanswered amended complaint. A true and correct copy of the Cease and Desist Letter is attached hereto as Ex. A.

On April 26, 2012, this court issued a memorandum order *sua sponte* dismissing the newly added defendants from the Windy City Action, because their asserted infringement of the '495 Patent was independent of Windy City's activity. See Ex. B (Memorandum Order of Honorable Milton I. Shadur, 4/26/2012, Case No. 12-C-2109).

On April 26, 2012, Defendants' counsel, Ms. Jennifer Hamilton, sent a letter to Plaintiff's counsel, Ms. Kathleen A. Lyons, stating Defendants' well-reasoned response to the infringement allegations, and further notified Plaintiff's counsel that Defendants already had filed a complaint against O2COOL in the U.S. District Court for the Central District of California seeking a declaratory judgment of non-infringement (the "California Declaratory Judgment Action"). A copy of the complaint filed in the California Declaratory Judgment Action on April 26, 2012 and Ms. Hamilton's Letter of April 26, 2012 are attached hereto respectively as Exs. C and D.

In the California Declaratory Judgment Action, Defendants seek declaratory judgment of their rights under 28 U.S.C. §§ 2201-02, namely that MerchSource's marketing and sale of its misting fan are not in violation of (i) any patent rights Plaintiff O2COOL claims it has in the '495 Patent pursuant to 15 U.S.C. § 1114(1) and do not infringe on any such rights, and (ii) any

3

rights Defendant O2COOL might have under the federal law of unfair competition as set forth in 15 U.S.C. § 1125(a) or elsewhere. In addition, Defendants seek relief for harm and damages suffered as a result of Plaintiff's tortious interference with Defendants' contractual relationships and prospective economic advantage.

*After* the Defendants filed the complaint in California, Plaintiff filed the instant complaint on April 30, 2012 alleging Defendants infringed the '495 Patent. In the both instant case and the California Declaratory Judgment Action, the parties and the patent in dispute are identical.

On May 1, 2012, a discussion took place between Ms. Lyons and Ms. Jennifer Hamilton. Ms. Lyons acknowledged receipt of Defendants' letter and notifying her of the filing of the complaint in the California Declaratory Judgment Action, prior to Plaintiff filing the instant suit on April 30, 2012.

### III. THIS ACTION SHOULD BE DISMISSED IN FAVOR OF DEFENDANTS' FIRST-FILED SUIT IN THE CENTRAL DISTRICT OF CALIFORNIA.

#### A. This Action Should be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(3) for Improper Venue Under the First-to-File Rule

Pursuant to Federal Rule of Civil Procedure 12(b)(3), this action should be dismissed for improper venue under the first-to-file rule. According to the Federal Circuit, whose law applies when reviewing district court decisions on patent law issues, "[t]he general rule favors the forum of the first-filed action, whether or not it is a declaratory action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), overruled in part on other grounds by, *Wilton v. Steven Falls Co.*, 515 U.S. 277, 289, 115 S.Ct. 2137 (1995) ("*Genentech*"); *Wilton v. Steven Falls Co*, 394 F.3d 1341, 1347 (Fed. Cir. 2005); *Vanguard Prods. Group, Inc. v. Protex Intern. Corp*, 2006 WL 695700, at *3 (N.D. Ill. Mar. 14, 2006) ("*Vanguard*") (attached as Ex. E) (noting that the "Federal Circuit has strongly endorsed the first-to-file doctrine").

4

Although there are exceptions to the general rule, there must be "sound reason that would make it unjust or inefficient to continue the first-filed action." *Genentech*, 998 F.2d at 938. "We prefer to apply in patent cases the general rule whereby the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Genentech*, 998 F.2d at 937.

This Court follows the general rule in favor of the first-filed case in successive litigation matters in which the first-filed action is a declaratory judgment action, absent circumstances that would it unjust or inefficient to continue the first-filed action. *See Vanguard; Genender Int'l, Inc. v. Skagen Designs, Ltd.*, 2008 WL 2521894 (N.D. Ill. Apr. 14, 2008) (applying the first-to-file rule in denying the motion to dismiss the first-filed declaratory judgment action) (attached as Ex. F); *Bowe, Bell + Howell Co. v. Midsouth Techs, LLC*, 2005 WL 1651167 (N.D. Ill. June 30, 2005) (applying the first-to-file rule in transferring second-filed action to the forum of the first-filed declaratory judgment action) (attached as Ex. G).

In *Vanguard,* the plaintiffs filed a patent infringement action in this district and then subsequently filed an amended complaint to add Protex as a defendant. *Vanguard*, 2006 WL 695700, *1 Upon reconsideration, this Court found that Protex was improperly joined and denied the plaintiffs' attempt to join Protex. *Id.* Subsequently, Protex filed a declaratory judgment action relating to the same patent in the Eastern District of New York against the plaintiffs. *Id.* at *2. Eight days later, the plaintiffs again filed suit against Protex in this district claiming infringement of the same patent. *Id.* In response to the later-filed suit, Protext moved this Court to dismiss the plaintiffs' complaint in the Northern District of Illinois for improper venue under the first-to-file rule, or alternatively to transfer the matter to New York.

5

As an initial matter, the Court determined that Protex's declaratory judgment action in New York was filed before the later-filed action against Protex, and that the later-filed action was separate and independent of the first-filed action in which the plaintiffs had improperly joined Protex. *Id.* at *2-3. Thus, the two lawsuits at issue were Protex's declaratory judgment action in New York, and the plaintiffs' later-filed suit in the Northern District of Illinois. As between the two suits, Protex's complaint was the first one filed and, under the first-to-file rule, there was a presumption in favor of Protex's choice of forum in New York.

The presumption favoring the forum of the first-filed action is not absolute in determining whether dismissal for improper venue is appropriate. The Court noted the Federal Circuit recognizes exceptions to the rule as justice or expediency requires, and specifically examined certain "equitable factors" that "track those considered in ruling on a motion to transfer under 28 U.S.C. § 1404(a)." *Id.* at *4. However, upon its review of these factors and the circumstances, the court found that the plaintiff had not overcome the presumption favoring the first-filed action, and granted Protex's motion to dismiss.

In the instant case, which is highly analogous to *Vanguard*, Defendants filed the California Declaratory Judgment Action in the Central District of California before O2COOL filed the instant action in this district. The California Declaratory Judgment Action involves the exact same patent at issue in O2COOL's instant complaint and it involves the exact same parties. Pursuant to the Federal Circuit's first-to-file rule, there is a presumption in favor of the Central District of California as the preferred choice of forum. Under the law of the Federal Circuit and this district court, it is irrelevant that the first-filed action is a declaratory judgment action.

Moreover, O2COOL's instant complaint is separate and independent of the first-filed action in which, as this court already ruled, O2COOL had improperly joined the Defendants.

6

Thus, the instant complaint cannot be characterized as a continuation of the Windy City Action in order to circumvent the first-to-file rule.

> **B.   Relevant Equitable Factors Favor Dismissal of this Action in Favor of the California Declaratory Judgment Action.**

To overcome the presumption in favor of the forum of the first-filed action, there must be "sound reason" that would make it unjust or inefficient to continue the action in the Central District of California. As discussed below, no such reasons exist here, and this case should thus be dismissed in favor of the California Declaratory Judgment Action. Indeed, it would be more efficient to proceed with the Declaratory Judgment Action in the Central District of California.

In determining whether to dismiss an action, relevant equitable factors for consideration include: "(1) jurisdiction over the parties, (2) judicial efficiencies and economies, (3) conveniences to the parties, (4) availability and convenience of witnesses, and (5) the extent to which the declaratory judgment action filed in another forum is anticipatory and motivated by forum shopping." *Vanguard*, at * 4. The factors in this analysis parallel the factors considered in ruling on a motion to transfer under 28 U.S.C. § 1404(a), as discussed below.

With respect to jurisdiction, the Central District of California has jurisdiction over all of the parties.

In addition, since the California Declaratory Judgment Action involves the same patent issues presented in the instant case and also involves the same parties, this Court should dismiss the second-filed action to promote judicial economy, and avoid a "redundancy of litigation" and inconsistent rulings.

Moreover, California is a more convenient forum for the parties and witnesses, and allows easier access to proof. In evaluating conveniences for the parties, courts consider (1) the choice of forum of the first-to-file, (2) the situs of material events, (3) the relative ease of access

to the evidence, (4) the convenience of the witnesses, and (5) the overall convenience of the parties in litigating in the respective forums. *Vanguard* at *4

O2COOL is alleging in its complaint that Defendants are infringing the '495 Patent. The focus of discovery will necessarily focus on MerchSource's actions based on its alleged infringing portable misting fan. Discovery Communications merely licenses its brand and does not manufacture, distribute, offer to sell, sell, use, import and/or export the "Discovery Kids Battery Operated Misting Fan". Accordingly, Discovery Communications will not likely be the focus of discovery.

Defendant's choice of forum is the Central District of California, where MerchSource is based and operates. California is the main situs of material events, *i.e.,* the place where MerchSource designed, had made, marketed and sold the allegedly infringing products. Even if MerchSource's portable misting fan was available for sale in Illinois, MerchSource does not focus any direct sales efforts on the Northern District of Illinois any more than any other area. California is also where MerchSource maintains its financial records, technical and other documents relating to the research and development, manufacturing, marketing, and sales of the allegedly infringing product. Various witnesses employed by or otherwise associated with MerchSource may be possibly called upon to testify regarding their knowledge of various issues, such as how the accused product is made and how it works, and how the product is marketed and sold, sales and financial information relating to the accused product, and MerchSource's business practices. Significantly, a majority of the witnesses that will be called to testify about MerchSource's sales of the allegedly infringing product are located in California. Transporting these witnesses to Illinois would inconvenience the witnesses, cause MerchSource to incur substantial expense, and would also be highly disruptive to MerchSource's business since

MerchSource has a relatively small number of employees operating the business. O2COOL, on the other hand, would likely need to produce only a fraction of the witnesses that MerchSource would be required to produce.

In evaluating the convenience of the parties, the Court should consider the parties' residencies and their ability to bear the expense of litigating in each forum. For MerchSource, litigating a patent case in the Central District of California is clearly more convenient, and less financially burdensome, than litigating in Illinois. On balance, the inconvenience and expense of MerchSource coming to Illinois weighs more heavily than the inconvenience and expense of O2COOL coming to California. Unless it is clear that Illinois is more convenient than California, deference must be accorded to the forum of the first-filed action, *i.e.*, the Central District of California.

Additionally, Defendants' filing of a California Declaratory Judgment Action was entirely reasonable and cannot be considered anticipatory. The complaint was filed after O2COOL alleged patent infringement and attempted to join MerchSource, its licensor Discovery Communications and customer Buy Buy Baby Stores, in a pending federal patent case relating to the same patent, as well as a different unasserted patent that was asserted against the original defendants related to another product having no connection between Buy Buy Baby and MerchSource. The declaratory judgment complaint was filed to remove any business uncertainty created by O2COOL's allegations against the Defendants. Furthermore, Defendants filed the complaint in the Central District of California, the forum in which MerchSource is located and operates, and that is most convenient to MerchSource. This can hardly be considered forum shopping or an attempt to circumvent justice.

To summarize, there is no sound reason that would make it unjust or inefficient to continue the action in the Central District of California. Accordingly, Defendants respectfully request that this Court dismiss the instant action for improper venue under the first-to-file rule in favor of the earlier-filed action in the U.S. District Court for the Central District of California.

**IV. IN THE ALTERNATIVE, THIS ACTION SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)**

If this Court declines to dismiss this case in favor of the California Declaratory Judgment Action, a transfer of this case to the Central District of California should be granted under the federal change of venue statute, 28 U.S.C. § 1404(a). The statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under Section 1404(a), transfer of venue is proper if when (1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 & n. 3 (7th Cir.1986). It is within the district court's sound discretion to determine the weight accorded to each factor. *Coffey*, 796 F.2d at 219.

   **1.   Venue in the Transferor District, the Northern District of Illinois**

If this action is not dismissed under the first to file rule, then for purposes of this Motion to Transfer, venue may be proper if O2COOL can establish that a substantial part of the events or omissions that gave rise to its patent claim arose in this District.

   **2.   Venue in the Transferee District, the Central District of California**

Venue is also proper in the Central District of California because Defendant MerchSource resides in that district. In addition, MerchSource's actions in relation to the

10

allegedly infringing product, which is the underlying subject of this action, took place in that district.

### 3. Convenience of the Parties and Witnesses and Interests of Justice

In making a determining whether to transfer venue to another forum, courts consider several convenience factors, such as (1) the plaintiff's initial choice of forum, (2) the convenience of the witnesses, (3) ease of access to proof, (4) the location of material events, and (5) the convenience of the parties in litigating in the respective forums. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d at 960. This determination is made on an individualized and case-by-case basis by analyzing whether the convenience of the parties and the witnesses and the interests of justice weigh in favor of transfer. *Id.*

O2COOL's choice of forum is the Northern District of Illinois, which is where it resides. However, as MerchSource sells the allegedly infringing product in California to its customers, who may sell the product in the state of California, and does not engage in specific efforts to market or sell its product in this district, the court should place minimal weight on O2COOL's choice of forum as a distinct factor in the transfer analysis.

With respect to the remaining factors in a transfer case (*i.e.*, the convenience of the witnesses, relative ease of access to proof, the location of material events, and the convenience of the parties in litigating in the respective forum), the more appropriate forum for resolution of this dispute is Central District of California. For the reasons set forth in the equitable analysis above in connection with the Motion to Dismiss under the first-to-file rule, this court must find that the Central District of California is more convenient. Discovery will largely focus on the actions of MerchSource, where MerchSource is based and operates. MerchSource designed, had made, marketed and sold the allegedly infringing products in California, and that is where MerchSource

maintains its records and documents relating to the allegedly infringing products. A majority of witnesses are located in California, and transporting them to Illinois would create inconvenience to the witnesses and substantial expense and disruption for MerchSource. In contrast, O2COOL would likely produce only the inventor and possibly a 30(b)(6) witness. In addition, a transfer of this case to California would allow for consolidation with the California Declaratory Judgment Action. Furthermore, a transfer to California favors Discovery Communications as Discovery Communications is only a party to the suit by reason of it being a licensor of MerchSource which will likely result in early dismissal of Discovery Communications from the controversy.

As a resident of Maryland, maintaining both actions in the Northern District of Illinois and the Central District of California would require Discovery Communications to participate in two out-of-state litigations. Since Discovery Communications and MerchSource have a strong common interest in adjudicating the California Declaratory Judgment Action, in which it consented to venue, the Central District of California is the appropriate venue.

Finally, the interests of justice require that this matter be transferred to the Central District of California. In examining the interests of justice, the court directs its attention to the efficient administration of the court system. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d at 961. Factors to be considered in this analysis include the likelihood of a speedy trial, the familiarity of the courts with the applicable law, the relation of the community to the occurrence at issue, and the desirability of resolving controversies in their locale. *Id.* At 961-62.

With respect to the speed of disposition and speed to trial, the Central District of California will likely provide a slightly speedier disposition. As of September 30, 2011, the median disposition period for civil cases is 5.6 months in the Central District of California and 6.6 months in the Northern District of Illinois. *See* U.S. District Courts—Median Time Intervals

From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending September 30, 2011, attached hereto as Ex. H.

The next factor, the relative familiarity of the courts with applicable law, both courts are federal district courts applying the same federal law. Thus, this factor is neutral with respect to transfer.

MerchSource also employs residents of California and does the majority of its business within California. The Northern District of Illinois' interest in this matter rests mainly upon O2COOL's assertions that a claim that MerchSource's allegedly infringing product was sold in Illinois. Although this interest is valid, California has a far greater interest in quickly resolving a matter that could potentially negatively affect MerchSource as a viable business and employer.

In light of the above reasons, the factors relating to the convenience of the witnesses, ease of access to evidence and interests of justice weigh in favor of transferring this action to the U.S. District Court for the Central District of California.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss for improper venue under Rule 12(b)(3) in favor of the earlier-filed action in the U.S. District Court for the Central District of California under the first-to-file rule. Alternatively, for the convenience of the parties and witnesses, the case should be transferred to the Central District Court of California, where this case could be combined with the pending declaratory judgment action.

Defendants further ask for any other relief as may be necessary to make Defendants whole as a result of bringing this action.

Dated: May 23, 2012                           Respectfully submitted,

By: <u>s/ Gregory Gulliver</u>
Gregory Gulliver (ID # 6244525)
THE ECLIPSE GROUP, LLP
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Tel. 847.282.3550 -- Fax 847.574.8035

Connie P. Limperis (ID # 6231083)
THE ECLIPSE GROUP, LLP
402 W. Broadway, Suite 2050
San Diego, CA 92101
Tel. 619.239.4340  Fax 619.239.0116

*Attorneys for Defendants MerchSource, LLC and Discovery Communications, LLC*