**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| O2COOL, LLC, | ) |
| | ) No. 12 C 3204 |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge John J. Tharp |
| | ) |
| DISCOVERY COMMUNICATIONS, | ) |
| LLC and MERCHSOURCE, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Defendants Discovery Communications, LLC ("Discovery) and MerchSource, LLC ("MerchSource") move to dismiss O2COOL, LLC's ("O2COOL") patent infringement complaint pursuant to Rule 12(b)(3) on the grounds that Discovery and MerchSource filed an earlier declaratory judgment action in the Central District of California ("California Lawsuit") to decide the same issues. O2COOL denies that the California Lawsuit was first-filed, and, alternatively, argues that equitable factors favor deciding the lawsuit in this district rather than in the Central District of California. For the reasons explained below, the Court finds that the California Lawsuit was first-filed and that equitable factors do not outweigh the general preference for deciding a case in the district where it was first filed. Therefore, the Court grants the defendants' motion to dismiss this action.

**BACKGROUND**

O2COOL is the sole owner of the interest in United States Letters Patent No. 5,338,495 (the "'495 Patent"), an invention entitled "Portable Misting Fan." The '495

Patent was issued in 1994. On March 22, 2012, O2COOL filed lawsuit number 12 C 2109 in this district against Windy City Novelties, Inc. (the "Windy City Litigation"), claiming that Windy City infringed the '495 Patent by making and selling spray bottle fans utilizing O2COOL's patented technology. Windy City Novelties is not related to either Discovery or MerchSource. On April 17, 2012, O2COOL filed an amended complaint in the Windy City Litigation, purporting to add new claims that Discovery and MerchSource also infringed the '495 Patent. That same day, counsel for O2COOL sent a letter to Discovery and MerchSource informing them of the Windy City Litigation, demanding that they cease and desist from making and selling spray bottle fans, and inviting settlement discussions. On April 26, 2012, Judge Shadur, before whom the Windy City Litigation was pending, *sua sponte* entered an order questioning whether Discovery and MerchSource could be properly added to the Windy City Litigation because their alleged infringement appeared to be independent of the alleged infringement by Windy City. Later that day, O2COOL amended its complaint in the Windy City Litigation, terminating Discovery and MerchSource as defendants in that lawsuit.

Also on April 26, 2012, Discovery and MerchSource filed the California Lawsuit, number SAC12-657 pending in the Central District of California. The original complaint in the California Lawsuit sought a declaration that MerchSource's portable misting fan did not violate any of O2COOL's intellectual property rights, and specifically referenced the '495 Patent. The original complaint also appears to have sought a declaration that Discovery and MerchSource did not commit trade dress infringement under the Lanham Act, and it further included a count for tortious interference.

On April 30, 2012, O2COOL filed the complaint at issue in this case, alleging that Discovery and MerchSource infringed the '495 Patent. Discovery and MerchSource moved to dismiss or transfer for improper venue, arguing that the California Lawsuit was the first-filed action, and therefore the Central District of California should decide the patent dispute. O2COOL opposed the defendants' motion, arguing that the California Lawsuit was not first-filed because the complaint in that lawsuit sought a declaration under the Lanham Act, rather than under the Patent Act. O2COOL also argued that equitable factors weigh in favor of deciding the case in this district. After receiving O2COOL's response to their motion to dismiss, Discovery and MerchSource amended their complaint in the California Lawsuit to remove all references to trade dress and the Lanham Act, and to clarify that they sought a declaration of non-infringement under the Patent Act. Discovery and MerchSource also replied in support of their motion to dismiss, and O2COOL filed a surreply, which the Court has considered.

## DISCUSSION

When duplicative actions are filed in different federal courts, "the general rule favors the forum of the first-filed suit." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (citing *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 832 (N.D. Ill. 2004)). This rule specifically applies to patent infringement cases involving declaratory judgment actions. The Federal Circuit has instructed district courts to "favor[] the forum of the first-filed action, whether or not it is a declaratory action," unless "considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), abrogated in part on other grounds by *Wilton v. Steven Falls Co.*, 515 U.S. 277, 289 (1995). Here, the parties dispute whether the California Lawsuit or this lawsuit

3

was first-filed, and they also dispute whether equitable considerations favor the Central District of California or this district. The Court holds that the California Lawsuit was first-filed, and that equitable considerations—which do not weigh strongly in favor of either district—do not provide a basis for ignoring the general rule favoring the forum of the first-filed lawsuit.

### I. The California Lawsuit Was the First Filed Lawsuit.

The original complaint in the California Lawsuit was filed four days before the complaint in this lawsuit. But O2COOL argues that the original complaint in the California Lawsuit related solely to trade dress and the Lanham Act and that it did not implicate the patent laws or the '495 Patent at all.[1] According to O2COOL, the amended complaint in the California Lawsuit was the first to raise issues of patent infringement, and that complaint was filed well after O2COOL had filed this lawsuit.

A review of Discovery and MerchSource's original complaint in the California Lawsuit reveals, however, that they did seek a declaration that the misting fan did not infringe on the '495 Patent. The dispute on this point arises because their original complaint is somewhat confusing. O2COOL rightly points out that the original complaint in the California Lawsuit states that jurisdiction is based on the Lanham Act, and titles its first cause of action "Declaratory Judgment Trade Dress Non-Infringement." Dkt. 17-3 ¶ 4 & p. 5. But other portions of the complaint make clear that Discovery and MerchSource sought a declaration stating that they did not infringe on the '495 Patent. For instance, Discovery and MerchSource's introductory paragraph to the complaint stated that it was

---

[1] O2COOL does not argue that the filing of its complaint should be measured from the date it attempted to amend its complaint in the Windy City Litigation. As Judge Shadur's order suggested, the filing of that complaint was defective and in any event O2COOL subsequently withdrew it.

4

being brought under the U.S. Patent Act and cited the '495 Patent (*id.* ¶ 1), their allegations referenced the letter O2COOL sent alleging patent infringement (*id.* ¶ 9) and denied infringing the patent (*id.* ¶ 11), they claimed that the features of O2COOL's misting fan were not subject to patent protection (*id.* ¶ 12), and they listed the differences between their misting fan and the '495 Patent (*id.* ¶ 13). Further, even in the cause of action whose title relates to "trade dress," Discovery and MerchSource alleged that their misting fan was "not in violation of any patent rights" (*id.* ¶ 19), and claimed that the fan did not "in any way" give rise to a claim for damages (*id.* ¶ 21). Finally, in the prayer for relief they sought a declaration that the fan did not "violate[] any intellectual property rights" of O2COOL. *Id.* p. 7. In sum, the original complaint in the California Lawsuit put O2COOL on notice of Discovery and MerchSource's claim that their misting fan did not infringe the '495 Patent.

The amended complaint in the California Lawsuit, which indisputably raises the same issues at stake in this lawsuit, "relates back" to the original complaint because it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c), *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). The amended complaint, like the original complaint, seeks a declaration that Discovery and MerchSource's misting fan does not infringe on the '495 Patent. Though the amended complaint eliminates any reference to trade dress infringement or the Lanham Act and includes for the first time a request for a declaration that the '495 Patent is invalid, it arose out of the same facts and circumstances at issue in the original complaint—O2COOL owns the '495 Patent and claims that Discovery and MerchSource's misting fan infringes on that patent. The factual allegations were the same

5

in both complaints, and therefore the amended complaint relates back, and the California Lawsuit was the first-filed lawsuit.

**II. Equitable Factors Do Not Favor Maintaining the Lawsuit in this District.**

Equitable factors can in certain circumstances outweigh the general rule favoring the forum of the first-filed lawsuit. The parties agree that the Court should look at five equitable factors to determine whether to overrule the presumption that this lawsuit should be dismissed in favor of the California Lawsuit: "(1) jurisdiction over the parties, (2) judicial efficiencies and economics, (3) conveniences to the parties, (4) availability and convenience of witnesses, and (5) the extent to which the declaratory judgment action filed in another forum is anticipatory and motivated by forum shopping." *Vanguard Prods. Grp., Inc. v. Protex Int'l Corp.*, No. 05-6310, 2006 WL 695700, *4 (N.D. Ill. Mar. 14, 2006).

Because both districts have jurisdiction over the parties, the first equitable factor is neutral between deciding the case here or in the Central District of California.

The second factor, judicial efficiencies and economics, is also neutral. Either district can determine the parties' rights with respect to the '495 Patent equally efficiently. And although O2COOL argues that other judges within this district have had occasion to interpret the claims of the '495 Patent, that fact provides no special insight to this judge; any other opinions that have reviewed that patent are equally available to the district judge in California.

The third and fourth factors, convenience of the parties and of witnesses, are also neutral. While this district is more convenient to O2COOL (which is based in Chicago), the Central District of California is more convenient to MerchSource (which is based in Orange County, California). O2COOL's evidence and witnesses, including an inventor of

6

the '495 Patent who is technically a third-party witness, are located in Chicago, but MerchSource's evidence and witnesses are located in California. Although O2COOL notes that Discovery is based in Maryland, Discovery merely licenses its brand to the allegedly infringing misting fan, and therefore it will likely not be the focus of significant pre-trial discovery. Therefore, neither district is substantially more convenient, and these factors do not weigh in favor of rejecting the forum of the first-filed complaint.

Finally, the fifth factor also fails to provide a sufficient basis for violating the general rule. Declaratory judgment actions "are by nature 'anticipatory,' and . . . there is a natural desire by all parties to select a preferred forum and gain the initiative of being a plaintiff." *Brower v. Flint Ink Corp.*, 865 F. Supp. 564, 571 (N.D. Iowa 1994); *Viacom Int'l Inc. v. Melvin Simon Prods., Inc.*, 774 F. Supp. 858, 867 (S.D.N.Y. 1991). This lawsuit is no different. Discovery and MerchSource, after becoming aware of O2COOL's flawed attempt to add them as defendants to the Windy City Lawsuit, seized the initiative by filing the California Lawsuit. But the mere fact that the California Lawsuit was arguably anticipatory "does not, alone, warrant making an exception to the first-to-file rule." *Vanguard*, 2006 WL 695700 at *6; *see also Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1348 (Fed. Cir. 2005) (reversing district court order dismissing declaratory judgment lawsuit as "anticipatory"). That is especially true in this case, where Discovery and MerchSource did not engage in the type of forum shopping that the Federal Circuit has denounced, whereby a party scours the country for a forum where "the law or judiciary is more favorable to [its] cause." *RoadMaster Corp. v. Nordictrack, Inc.*, No. 93-1260, 1993 WL 625537 *3 (N.D. Ill. Sep. 20, 1993). Rather, Discovery and MerchSource filed in MerchSource's home district because that district would be most

7

convenient for them. *See Genentech*, 998 F.2d at 938 (finding that Indiana company that filed suit in Indiana was not "forum shopping" in the sense that would require dismissal of the lawsuit). O2COOL presumably filed its lawsuit in this district for precisely the same reason. That the California Lawsuit was arguably anticipatory does not overcome the first-to-file rule where no additional factors support maintaining the dispute in this district rather than in the Central District of California. *Vanguard*, 2006 WL 695700 at *6.

For these reasons, the equitable factors are insufficient to overcome the general rule that a patent infringement suit should be decided in the first-filed forum. Therefore, the Court will dismiss this lawsuit on the basis that the California Lawsuit was first-filed.

*＊＊＊*

For all of these reasons, the Court grants Discovery and MerchSource's motion to dismiss pursuant to Rule 12(b)(3). The dismissal is without prejudice regarding O2COOL's claims, but with prejudice as to venue. Because it dismisses the lawsuit, the Court need not decide whether the case should be transferred.

Date: January 15, 2013

_____
John J. Tharp, Jr.
United States District Judge

8